Per Curiam.

The court has avoided finding that the respondent by failing to file federal income tax returns has committed or has been convicted of a crime involving moral turpitude. See Dayton Bar Association v. Prear (1964), 175 Ohio St., 543.
In the instant case, the respondent, because of his failure to file federal income tax returns for a number of years and his conviction under Section 7203, Title 26, U. S. Code, was charged also with conduct violating Canons 29 and 32 of the Canons of Professional Ethics, which is encompassed within the meaning of misconduct as defined by subdivision (5) (a) of Rule XVIII (formerly XXVIÍ) of this court. Canons 29 and 32 are broad in their terms. Canon 29 admonishes that an attorney should at all times strive to uphold the honor of the profession. And, although the express admonition of Canon 32 that an attorney must “observe and advise his client to observe the statute law” is not applicable until the statute has been construed and interpreted by competent adjudication, the validity of the filing requirements of the Internal Revenue Code is not in doubt. The evidence amply supports the charges that respondent’s conduct violated Canons 29 and 32 of the Canons of Professional Ethics.
The objections to the recommendation of the board are overruled, and the recommendation of the board is confirmed on authority of Dayton Bar Association v. Prear, supra.

Report confirmed and judgment accordingly.

Taft, C. J., Zimmerman, Matthias, 0 ’Neill, Griffith, Herbert and Gibson, JJ., concur.